NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2664-13T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

O'SHEA CLARKE,

 Defendant-Appellant.
_____________________________________

 Submitted December 9, 2015 – Remanded January 20, 2017
 Resubmitted September 21, 2017 - Decided September 28, 2017

 Before Judges Ostrer and Manahan.

 On appeal from the Superior Court of New
 Jersey, Law Division, Somerset County,
 Indictment No. 04-10-0757.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (William Donegan, Assistant
 Deputy Public Defender of counsel; Peter B.
 Meadow, Designated Counsel, on the brief).

 Michael H. Robertson, Somerset County
 Prosecutor, attorney for respondent (Matthew
 Murphy, Assistant Prosecutor, of counsel;
 James L. McConnell, Assistant Prosecutor, on
 the brief).

PER CURIAM
 This matter returns to us after a remand to the Law Division

for oral argument or an evidentiary hearing on the petition for

post-conviction relief (PCR). State v. Clarke, No. A-2664-13

(App. Div. January 20, 2016) (slip op. at 5). Upon remand, the

court conducted oral argument and denied the PCR without an

evidentiary hearing. On appeal, Clarke argues that the PCR judge

erred in denying his petition without oral argument, now moot, or

an evidentiary hearing. Having considered the record, we affirm

for the reasons stated in the comprehensive written opinion of

Judge John H. Pursel. We add only the following.

 The operative facts and procedural history are set forth in

our prior opinion and need not be restated herein. In essence,

Clarke claims he was unaware of the nature of the plea agreement

relative to his exposure to an extended term sentence as he was

not informed by his plea counsel. As Judge Pursel found, and we

agree, the record clearly refutes that claim. Clarke executed the

plea form, which stated that the State would move for the

imposition of a discretionary extended term of imprisonment.

Further, Clarke was advised during the plea process of the

consequences of his plea, which he acknowledged both on the record

and in the executed plea form.

 "Post-conviction relief is New Jersey's analogue to the

federal writ of habeas corpus." State v. Preciose, 129 N.J. 451,

 2 A-2664-13T1
459 (1992). Under Rule 3:22-2(a), a criminal defendant is entitled

to post-conviction relief if there was a "[s]ubstantial denial in

the conviction proceedings of defendant's rights under the

Constitution of the United States or the Constitution or laws of

the State of New Jersey." "A petitioner must establish the right

to such relief by a preponderance of the credible evidence."

Preciose, supra, 129 N.J. at 459 (citations omitted). "To sustain

that burden, specific facts" that "provide the court with an

adequate basis on which to rest its decision" must be articulated.

State v. Mitchell, 126 N.J. 565, 579 (1992).

 Claims of constitutionally ineffective assistance of counsel

are well suited for post-conviction review. See R. 3:22-4(a)(2);

Preciose, supra, 129 N.J. at 460. In determining whether a

defendant is entitled to relief on the basis of ineffective

assistance of counsel, New Jersey courts apply the two-prong test

articulated by the United States Supreme Court in Strickland v.

Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068,

80 L. Ed. 2d 674, 693, 698 (1984), and United States v. Cronic,

466 U.S. 648, 658-60, 104 S. Ct. 2039, 2046-47, 80 L. Ed. 2d 657,

667-68 (1984). Preciose, supra, 129 N.J. at 463; State v. Fritz,

105 N.J. 42, 49-50 (1987).

 Under the first prong of the Strickland test, a "defendant

must show that [defense] counsel's performance was deficient."

 3 A-2664-13T1
Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed.

2d at 693. Under the second prong, a defendant must demonstrate

"a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."

Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

 The United States Supreme Court has applied these principles

to a criminal defense attorney's representation of an accused in

connection with a plea negotiation. Lafler v. Cooper, 566 U.S.

156, 162-63, 132 S. Ct. 1376, 1384-85, 182 L. Ed. 2d 398, 406-07

(2012); Missouri v. Frye, 566 U.S. 134, 142-43, 132 S. Ct. 1399,

1407-08, 182 L. Ed. 2d 379, 390 (2012). A defendant must

demonstrate with "reasonable probability" that the result would

have been different had he received proper advice from his trial

attorney. Lafler, supra, 566 U.S. at 163, 132 S. Ct. at 1384, 182

L. Ed. 2d at 407 (citing Strickland, supra, 466 U.S. at 694, 104

S. Ct. at 2068, 80 L. Ed. 2d at 698).

 Here, defense counsel's alleged failure to advise Clarke

regarding the consequences of the plea deal is supported only by

self-serving assertions and bare allegations. See State v.

Cummings, 321 N.J. Super. 154, 170 (App. Div.) ("[A] petitioner

must do more than make bald assertions that he was denied the

effective assistance of counsel."), certif. denied, 162 N.J. 199

(1999). We note that "[a]dequate assistance of an attorney is

 4 A-2664-13T1
measured according to whether the counsel has professional skills

comparable to other practitioners in the field." State v. Davis,

116 N.J. 341, 351 (1989). "The test is not whether defense counsel

could have done better, but whether he [or she] met the

constitutional threshold for effectiveness." State v. Nash, 212

N.J. 518, 543 (2013). Here, we find counsel's performance with

respect to his representation of defendant was well within the

minimum standard of effective assistance of counsel. More

importantly, we find nothing in the record to support defendant's

assertion that he was "misled" with respect to the consequences

of his plea. Therefore, we conclude defendant has not made out a

prima facie case of ineffective assistance of counsel. Preciose,

supra, 129 N.J. at 463.

 Notwithstanding our determination as to the failure to establish

counsel's performance was deficient, we briefly address the second

Strickland prong. We hold with respect to the second prong, that

defendant has failed to demonstrate how any alleged deficiency

resulted in a prejudice that, "but for counsel's unprofessional

errors, the result of the proceeding would have been different."

Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed.

2d at 698; Fritz, supra, 105 N.J. at 52 (citation omitted).

 Finally, we reject defendant's argument the court erred in

denying his petition without an evidentiary hearing. "An

 5 A-2664-13T1
evidentiary hearing . . . is required only where the defendant has

shown a prima facie case and the facts on which he relies are not

already of record." Pressler & Verniero, Current N.J. Court Rules,

comment 2 on R. 3:22-10 (2015). The mere raising of a claim for

PCR does not entitle defendant to an evidentiary hearing.

Cummings, supra, 321 N.J. Super. at 170. As defendant failed to

establish a prima facie case of ineffective assistance of counsel,

no evidentiary hearing was required.

 Affirmed.

 6 A-2664-13T1